UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK LETELL ADAMS,

    Plaintiff,

    v.

VIVO INC. AND GENOMIC HEALTH, INC.

    Defendants.
_____/

No. C 12-01854 DMR

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

    Before the court is *pro se* Plaintiff Mark Letell Adams' motion for leave to file a motion for reconsideration of the court's November 8, 2012 order granting in part Defendants Vivo, Inc. and Genomic Health, Inc.'s ("GHI") motion to dismiss Plaintiff's first amended complaint with leave to amend. [Docket No. 62.] Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented

before such order. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. N.D. Civ. L.R. 7-9(c).

Plaintiff argues that there was a manifest failure by the court to consider "material facts and/or dispositive legal arguments" in his first amended complaint regarding his disparate impact discrimination claim, which the court dismissed with prejudice. (Pl.'s Mot. 2.) Plaintiff argues that in his first amended complaint, he provided "seven disparate impact statements" and identified the "specific employment discrimination practices used by GHI against [him] when they terminated [his] contract." (Pl.'s Mot. 5.) Plaintiff asserts that the court's order fails to clarify how he failed to establish a prima facie discrimination case, but cites to the court's discussion of the elements of a prima facie discrimination case based upon a disparate treatment theory. (Pl.'s Mot. 5-6.)

It appears that Plaintiff has conflated incidents that specifically impacted him with a disparate impact theory of discrimination. As the court noted in its November 8, 2012 order, "[a] claim of disparate impact challenges employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." (Order of Dismissal 8, Nov. 8, 2012) (quoting *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002) (citation omitted).) For claims of discrimination based upon a theory of disparate impact, "[i]llicit motive or intent is irrelevant because impact analysis is designed to implement Congressional concern with the consequences of employment practices, not simply the motivation. [Citations omitted.] Rather, *the focus in a disparate impact case is usually on statistical disparities, rather than specific incidents*, and on competing explanations for those disparities." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990) (emphasis added) (citations and quotation marks omitted). In other words, a disparate impact theory of discrimination focuses on a facially neutral policy that has the unintentional effect of discriminating against a group or groups of people, whereas a disparate treatment theory focuses on an intentional decision to treat a person differently based upon his or her race or another protected characteristic. Plaintiff was granted leave once to amend his disparate impact claim, but his amended complaint failed to "sufficiently allege a disparity to show that the consequences of the challenged policy 'in fact fall more harshly on one group than another' in support of his disparate impact claim." Consequently, the court dismissed the

disparate impact claim with prejudice. (Order of Dismissal 9 (quoting *Stout*, 276 F.3d at 1121) (citation and quotation marks omitted).) As Plaintiff has failed to demonstrate a material difference in fact or law from that which was presented to the court, the emergence of new material facts or a change of law, or a manifest failure by the court to consider material facts or dispositive legal arguments, his motion for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 29, 2012



DONNA M. RYU
United States Magistrate Judge