UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LETELL ADAMS, | No. C 12-01854 DMR |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S IFP APPLICATION AND MOTION TO STAY** |
| v. | |
| VIVO INC., *et al.*, | |
| Defendants. | |

On November 29, 2012, *pro se* Plaintiff Mark Adams filed an application to proceed *in forma pauperis*, as well as a Notice of Appeal from the court's November 14, 2012 Order granting Defendants' motion to dismiss the first amended complaint in part, with leave to amend, and the November 29, 2012 Order denying Plaintiff's motion for reconsideration of the November 14, 2012 order. [Docket Nos. 69, 70.] On December 3, 2012, the court ordered Plaintiff to submit additional financial information in support of his application, which Plaintiff filed on December 5, 2012. [Docket Nos. 72, 74.] On December 5, 2012, Plaintiff filed a motion to stay the litigation pending his appeal. [Docket No. 75.]

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed *in forma pauperis* ("IFP"). Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an

affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). However, even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "nonfrivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Here, Plaintiff has submitted a financial affidavit in support of his IFP application, but has not claimed an entitlement to redress, nor set forth the issues that he intends to present on appeal. However, construing his submissions liberally, it appears that Plaintiff seeks to appeal that portion of the court's November 14, 2012 Order that dismissed Plaintiff's disparate impact discrimination claim with prejudice. (*See* Nov. 14, 2012 Order 8-9.) The court's November 14, 2012 order granted in part Defendants' motion to dismiss and gave Plaintiff leave to amend three of his four claims. Thus, it is not a final order or judgment and therefore is not appealable. *See Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 v. Kirk*, 109 F.3d 634, 636 (9th Cir. 1997) (en banc).

Further, the court declines to certify the November 14, 2012 order for interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law. 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1069 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Id*. A court has substantial discretion in deciding whether to grant a party's motion for certification. *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), *rev'd*

*in part on other grounds*, 106 F.3d 1125 (2d Cir. 1997). Here, Plaintiff has made no showing that any of the conditions for certification under Section 1292(b) are satisfied.

The court concludes that Plaintiff's appeal is not taken in good faith, because the orders he wishes to appeal are not appealable final orders, nor are they certifiable for interlocutory appeal. Accordingly, his IFP application is denied.[1] Plaintiff's motion to stay the litigation pending his appeal is also denied.

IT IS SO ORDERED.

Dated: December 10, 2012



_____
DONNA M. RYU
United States Magistrate Judge

---

[1] Because the court denies the IFP application pursuant to 28 U.S.C. § 1915(a)(3), the court does not reach the question of whether Plaintiff financially qualifies for IFP status.